IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY GOODSON, JESSIE PADILLA and SYLVIA INIGUEZ, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br> v.<br><br>UNITED MAINTENANCE COMPANY, INC.,<br><br>  Defendant. | Case No. 15-cv-09587<br><br>Judge Dow<br><br>Magistrate Judge Valdez |

**ORDER GRANTING FINAL APPROVAL OF**
**CLASS SETTLEMENT**

On July 28, 2016, this Court granted preliminary approval of the Parties' Class Action Settlement and Release and supporting documents [Dkt. No. 39] in this class action brought by MARY GOODSON, JESSIE PADILLA and SYLVIA INIGUEZ ("Class Representatives"), on behalf of themselves and all others allegedly similarly situated, against defendants UNITED MAINTENANCE COMPANY, INC. ("Defendant"). A Fairness Hearing was held on September 1, 2016, at which time all interested persons were given a full opportunity to state any objections to the parties' Settlement Agreement. The Court has considered Plaintiffs' UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT and supporting documents (Dkt. No. 50), and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Final Approval Order will have the same meaning as defined in the parties' Settlement Agreement and Release ("Settlement Agreement").

2. The Court finds that, for settlement purposes only, the Settlement Class Members are similarly situated and meet the requirements for class certification under Fed.R.Civ.P. 23 and as a collective action under 29 U.S.C. § 216(b). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the two classes preliminarily certified by this Court in its July 28, 2016 Order. Pursuant to the July 28, 2016 Order, as amended by its August 17, 2016 Order, the Court preliminarily approved the Settlement Agreement, which defined the Rule 23 Class and Settlement Class Members as:

> All individuals who are currently employed or were employed by the Defendant at O'Hare International Airport as janitors, window washers or other similarly situated titled positions at any time during the period from October 27, 2012 through July 11, 2016 and who are identified on the Class Settlement List attached hereto as Exhibit A to the Settlement Agreement.
> The FLSA Class carries the same definition as the Rule 23 Class under the Settlement

Agreement. The "Settlement Class" consists of all Settlement Class Members who failed to opt out of the Settlement Agreement. "Settlement Participants" shall refer to those Settlement Class Members who do not properly opt out of the Settlement Class. The period October 27, 2012 through July 11, 2016 shall also be referred to herein as the "Class Period."

3. The Court finds that the Notice of Proposed Settlement of Class Action Lawsuit ("Class Notice") and related materials (collectively, "Notice Packet") that were sent to all Settlement Class Members via First Class Mail and also provided to Settlement Class

CHICAGO/#2888061.1

Members who are current employees by delivery with their paychecks adequately informed the Settlement Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Packet also adequately informed the Settlement Class Members of the Settlement Administrator, Dahl Administration LLC ("Settlement Administrator"), and of the Class Period, and informed the Settlement Class Members of the contact information for Class Counsel. Thus, the Court finds that the Notice Packet provided to the Class provided the best notice practicable under the circumstances, met the requirements of due process and otherwise satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(l)(B) and 29 U.S.C. §216(b).

4. The Court finds that the Settlement Agreement is fair, reasonable and adequate, is in the best interests of the Class Members, and is the result of arm's length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues in this case in particular, and, therefore, meets the requirements for final approval. The Court finds that: (a) the strength of the Class Representatives' and Settlement Class Members' claims weighed against Defendant's defenses, and the complexity, length and expense of further litigation, support approval of the Settlement Agreement; (b) the Gross Settlement Value of Eight Hundred Fifty Thousand dollars less the amount of the Enhancement Awards, attorney's fees and costs, mediation costs and administration fees as set forth in the Notice Packet is a fair, reasonable and adequate settlement of the Class Representatives' individual claims and

3

the claims of the Class; (c) the Settlement Agreement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement Agreement expressed by Class Counsel and counsel for Defendant, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement Agreement; (e) the absence of any objections to the Settlement Agreement by Class Members supports approval of the Settlement; and (f) the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

5. Pursuant to the terms of the Settlement Agreement, Defendant will pay an amount into the Settlement Fund equal to the Court-approved Enhancement Awards, Court-approved attorneys' fees and costs, costs incurred by the Settlement Administrator, and the total settlement payments for the Settlement Participants, not to exceed $845,797.15, which will be paid into the Settlement Administrator's trust account within five business days of the entry of this Order. No other funds shall be added to or comingled with the Settlement Fund.

6. With respect to the Settlement Fund and payment of all settlement monies and disbursements, Class Counsel and the Settlement Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and applicable federal, state, and local law.

7. The Settlement Fund, including all interest or other income generated therein, shall be *custodia legis* and immune from attachment, execution, assignment,

4

CHICAGO/#2888061.1

hypothecation, transfer, or similar process by any third party, including any Settlement Class Member.

8. The Enhancement Awards, as set forth in the Settlement Agreement, are approved and shall be awarded and paid from the Settlement Fund to Mary Goodson and Sylvia Iniguez in the amount of $2,500 each and to Named Plaintiff Jessie Padilla in the amount of $4,000 for their efforts in securing information and evidence and for their contributions to the benefit of the classes, according to the procedures set forth in the Settlement Agreement.

9. The Court finds that the Settlement Administrator, Dahl Administration, LLC, has performed and will perform its obligations pursuant to the Settlement Agreement. Accordingly, its costs for claims administration, as provided in the Settlement Agreement, are approved and shall be paid to the Settlement Administrator from the Settlement Fund as of the Effective Date, as provided for in the Settlement Agreement.

10. Class Counsel is awarded $325,000.00 for reasonable attorneys' fees and costs. Class Counsel shall receive such payments from the Settlement Fund according to the procedures set forth in the Settlement Agreement.

11. Settlement Participants shall receive their settlement payments according to the procedures set forth in the Settlement Agreement.

12. The Settlement Agreement shall be binding on Defendants, Class Representatives, and all Settlement Participants.

13. The Court orders that any Settlement Participants bound by the terms of the Settlement Agreement fully release and discharge Defendant, and all other Releasees set

5

forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement.

14. The Court finds that the 1,009 individuals identified by the Claims Administrator, as set forth in the Declaration of Kelly Kratz, and the four additional individuals that were added to the Class pursuant to the Court's July 18, 2016 Order, are bound by the terms of the Settlement Agreement and are entitled to participate in the monetary portion of the Settlement. The Court finds that no Settlement Class Members have requested to be excluded from the Settlement. Similarly, the Court finds that no Settlement Class Members have timely filed any objections to the Settlement.

15. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) of an adjudication of the merits of the case; (b) an adjudication of any of the matters released in the Settlement Agreement; (c) that any party has prevailed in this case; and (d) that Defendant has engaged in any wrongdoing.

16. This Court grants final approval of the Settlement Agreement.

17. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Court retains jurisdiction for sixty (60) days after entry of this Order solely for the purpose of implementation and enforcement of the terms of the Settlement.

18. The Clerk is directed to enter judgment and dismiss this case with prejudice upon the entry of this Order.

IT IS SO ORDERED.

Dated: September 7, 2016

_____
The Honorable Robert Dow
United States District Court Judge

7